IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOUBLE DIAMOND, INC. and** | § | **Civil Action No. _____** |
| **DOUBLE DIAMOND-DELAWARE,** | § | |
| **INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **vs.** | § | |
| | § | |
| **TRAVELERS PROPERTY CASUALTY** | § | |
| **COMPANY OF AMERICA,** | § | |
| | | |
| **Defendant.** | | |

## ORIGINAL COMPLAINT

Plaintiffs, Double Diamond, Inc. ("Double Diamond") and Double Diamond-Delaware, Inc. ("Double Diamond-Delaware") file this Original Complaint against Defendant, Travelers Property Casualty Company of America ("Travelers"), stating as follows:

## PARTIES

1.     Plaintiff Double Diamond is a corporation organized and existing under the laws of the State of Texas and having its principal place of business in Dallas, Texas.

2.     Plaintiff Double Diamond–Delaware is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Dallas, Texas.

3.     Travelers is a corporation organized and existing under the laws of the State of Connecticut and having its principal place of business in the State of Connecticut. Travelers can be served by serving its agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
1332(a) because there is complete diversity between the parties and the amount in controversy
exceeds $75,000.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a
substantial part of the events or omissions giving rise to the claim occurred, and a substantial part
of the property that is the subject of the action is situated, in this judicial district.

## FACTUAL BACKGROUND

6.      Double Diamond, as owner, entered into an agreement with Randy Byrne
Construction, as general contractor, for the construction of The Retreat Clubhouse, made up of a
golf clubhouse and restaurant (the "Clubhouse"). Travelers issued the all risk builders risk
insurance policy to Double Diamond-Delaware insuring the Clubhouse during the course of
construction. That policy, No. QT-660-9271 A635-TIL-07, provided coverage for the period of
January 31, 2007 to January 31, 2008 ("Travelers"). The applicable limit of insurance under the
Travelers Policy for the Clubhouse was $2,500,000.   Double Diamond is a named insured
pursuant to the Travelers Policy.

7.      Prior to completion of the Clubhouse and during the period of the Travelers
Policy, the floor of the bar area of the Clubhouse collapsed under the weight of a number of
people during a "test-run" of that portion of the facility. Subsequent investigation indicated that
the collapse of the floor was only a symptom of major structural problems and damage
throughout the entire facility. The damages included buckling, breaking and bowing of floor
trusses, damage to the exterior walls, the adjacent balcony and other components of adjoining

construction. In addition, buckling distress occurred in the attics and roof framing, including nail plate failures. Moreover, crushing damage occurred to the glulam beams of the cart barn ceiling as well as splice plate failures and distress at the ends of trusses in that area. In short, nearly every component of the Clubhouse has been damaged.

8.      Plaintiffs properly placed Travelers on notice of the loss involving "direct physical damage," as covered under the builders risk policy. Despite Plaintiffs fully cooperating with Travelers in its adjustment and investigation of the claim and providing Travelers with comprehensive information and back-up as to the damages, Travelers waited until October 4, 2008 to inform Plaintiffs that "coverage extends only to the direct damage resulting from the construction defect and does not include the cost to repair the defects themselves."   In essence, Travelers contends that because most of Plaintiffs' damages are excluded by the Travelers Policy, it will only pay for $118,988.08 of Plaintiffs' damages.

9.      Due to Travelers' delays and its coverage determination, Plaintiffs have been forced to proceed with their own investigation, repair, and reconstruction of the Clubhouse. In so doing, Plaintiffs have incurred significant costs and expenses in investigating, repairing, and reconstructing the Clubhouse.

10.     Travelers' failure and refusal to properly and timely adjust the claim arising out of the failures at the Clubhouse has forced Plaintiffs to retain their own attorneys and consultants, not only to conduct the investigation, but also to pursue coverage from Travelers on the Travelers Policy.

11.     The insuring agreement and the terms and conditions of the Travelers Policy provide coverage to Plaintiffs for the direct physical damage to the Clubhouse, and Travelers

cannot sustain its burden to show that any exclusion or other provision in the policy applies to deny coverage.

## COUNT I — DECLARATORY JUDGMENT

12.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 11 above.

13.    This is an action for declaratory judgment pursuant to sections 2201 and 2202 of title 28 of the United States Code - the Declaratory Judgment Act.

14.    An actual controversy of a judicial nature exists between Plaintiffs and Travelers involving the rights and obligations under the Travelers Policy relative to the extensive damage to the Clubhouse.   The resolution of this controversy is dependent upon an analysis of the Travelers Policy and the facts and circumstances surrounding the direct physical damage to the Clubhouse.

15.    Plaintiffs have complied with all conditions precedent to coverage under the Travelers Policy.

16.    Plaintiffs are entitled to a declaration of this Court that Travelers is obligated to provide full coverage for all of its damages arising out of the direct physical damage experienced at the Clubhouse during the course of construction. Plaintiffs are also entitled to a declaration of this Court that Travelers is obligated to pay all of Plaintiffs' attorneys fees and costs incurred in this action.

## COUNT II — BREACH OF CONTRACT

17.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 16 above.

18.     Plaintiffs have complied with all conditions precedent to coverage under the Travelers Policy.

19.     The Travelers Policy constitutes a valid and binding contract between Travelers and Double Diamond-Delaware.

20.     Despite the terms of the Travelers Policy, Travelers has failed and refused to fulfill its obligations under that policy to Plaintiffs.

21.     The failure of Travelers to fulfill its contractual obligations constitutes a material breach of the Travelers Policy, which has caused damage to Plaintiffs.

22.     As a result of Travelers' breach of the Travelers Policy, Plaintiffs are entitled to recover from Travelers all of its damages, including coverage for Plaintiffs' damages arising out of the direct physical damage to the Clubhouse, together with its claim preparation costs and its attorneys fees incurred in this action and in pursuing coverage from Travelers.

## COUNT III —
## STATUTORY PENALTIES UNDER PROMPT PAYMENT OF CLAIMS ACT

23.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 22 above.

24.     Travelers breached its duty under Texas law to promptly pay for the direct physical damage to the Clubhouse pursuant to the terms of the builders risk policy. Therefore, in addition to its actual damages, Plaintiffs are entitled to recover the 18 percent statutory penalty provided for under Texas Insurance Code §§542.051, et seq.

## COUNT IV —
## UNFAIR CLAIMS SETTLEMENT PRACTICES

25.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 23 above.

26.     The conduct of Travelers as set out in this Complaint constitutes unfair and deceptive acts or practices in the business of insurance under Texas Insurance Code §§541.060, et seq. Travelers' unfair settlement practices with respect to Plaintiffs' claim include the following:

a.     Misrepresenting to a claimant a material fact or policy provision relating to coverage;

b.     Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.     Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

d.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

27.     As a result of Travelers' actions as set forth herein, Plaintiffs are entitled to recover their actual damages, plus court costs and reasonable and necessary attorneys fees under Texas Insurance Code §541.152. In addition, Travelers knowingly committed the acts complained of in Count IV, entitling Plaintiffs to recover three times the amount of their actual damages under Texas Insurance Code §541.152.

## COUNT V — ATTORNEYS FEES

28.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 27 above.

29.     Plaintiffs have retained the services of the undersigned attorneys and have agreed to pay the undersigned a reasonable fee for their services necessarily rendered and to be rendered in this action. Pursuant to 28 U.S.C. §§ 2201-2201 (Declaratory Judgment), §§38.051, et seq. of the Tex. Civ. Prac. & Rem. Code (Breach of Contract), §§542.051, et seq. of the Texas Insurance Code (Prompt Payment of Claims), and §541.152 of the Texas Insurance Code (Unfair Claims

Settlement), Plaintiffs are entitled to an award of their reasonable fees in an amount to be established at trial.

## PRAYER FOR RELIEF

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant it the following relief:

(1)     The declaration by this Court that Travelers owes a duty to provide full coverage to Plaintiffs for their damages arising out of the direct physical damage to the Clubhouse;

(2)     Judgment against Travelers for damages suffered by Plaintiffs as a result of Travelers' breach of its contractual obligations under the Travelers Policy;

(3)     Judgment that Plaintiffs are entitled to recover statutory penalties pursuant to Texas Insurance Code §§542.051, *et seq.*

(4)     Judgment that Plaintiffs are entitled to recover their actual damages as a result of Travelers' unfair claims settlement practices under Texas Insurance Code §541.152, *et seq.*;

(5)     Judgment that Plaintiffs are entitled to recover three times their actual damages pursuant to Texas Insurance Code §541.152, *et seq.*;

(6)     Judgment that Plaintiffs are entitled to recover their costs and expenses, including attorneys fees, incurred in pursuing coverage from Travelers in this action and any appeal;

(7)     Judgment awarding Plaintiffs with prejudgment and post-judgment interest in the maximum amount allowed by law; and

(8)     Such other and further relief as the Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable in this action.

Dated: October 4, 2010.

Respectfully Submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Slates C. Veazey*

Brett D. Lamb
Attorney-in-charge
State Bar No. 24012993
Slates C. Veazey
State Bar No. 24060773
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Tel:  214-999-3000
Fax: 214-999-4667
blamb@gardere.com
sveazey@gardere.com

ATTORNEYS FOR PLAINTIFFS